## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JASMINE WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 1:24-cv-168-TFM-M |
| | ) |
| ESCAMBIA COUNTY BOARD OF EDUCATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION & ORDER

Pending before the Court is *Defendant Cabaniss' Motion to Dismiss Amended Complaint* (Doc. 29, filed 12/02/24). Plaintiff filed her response and Defendant filed her reply. Docs. 31, 34. For the reasons detailed below, Defendant Cabaniss' motion to dismiss (Doc. 29) is **DENIED**.

### I.    JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that gave rise to the claims in this matter occurred in this judicial district.

No party contests jurisdiction or venue, and the Court finds adequate support for both.

### II.    BACKGROUND

#### A.    Factual Background

This case arises out of the alleged rape of Plaintiff Jasmine Wilson ("Plaintiff" or "Wilson"), a former student at Escambia County High School, by her former teacher, Kasuan

Bullard ("Bullard").[1]  *See* Doc. 26.  At the time of the alleged rape, Bullard taught drivers education and health at Escambia County High School and was the defensive coordinator for the football team and head coach of the baseball team.  *Id.* at 5-6.  Plaintiff alleges that Bullard engaged with female students in an inappropriate and sexualized manner that was open and observable to students, teachers, and staff.  *Id.* at 6.  Plaintiff asserts that Bulland began grooming her in the tenth grade, and that the acts of grooming were open and observed by teachers, staff, and students.  *Id.* at 7.

Bullard's classroom was next to that of another teacher's classroom, Rosa Howard ("Howard").  *Id.* at 8.  Plaintiff alleges that Howard gave Bullard unfettered access to isolate Plaintiff.  *Id.*  On May 21, 2021, Plaintiff states that she was in Howard's classroom to complete make up work.  *Id.* at 9.  Bullard went to Howard's classroom and requested Plaintiff ride in the car for one of Bullard's drivers' education students.  *Id.* at 10.  Howard sent Plaintiff with Bullard and a male student for the male student to do a driving session.  *Id.*  After the test was over, Plaintiff asserts that Bullard told the students he needed assistance with something in the new gym.  *Id.*  Plaintiff states that she went to the new gym and hid in the bathroom until she thought the other student would have also arrived, but when she came out the other student was not there.  *Id.*  Bullard then asked Plaintiff to go with him to get some boxes and led her through a door into the new girls' locker room where he raped her.  *Id.*  Plaintiff recalls as follows: "Once inside the locker room, Bullard started touching Plaintiff.  He grabbed Plaintiff by her neck, choked her, and pulled her hair.  Bullard unbuttoned her pants, forced Plaintiff to turn around, bent her over the countertop, and raped her.  Plaintiff was terrified, unable to move or fight back."  *Id.* at 10-11.  Plaintiff states

---

[1] Plaintiff was a student at Escambia County High School at the time of the events at issue in the Complaint, but she has since graduated and is over the age of majority.  Bullard died prior to the filing of the Complaint.

that she was crying and that Bullard forced her to put her clothes back on. *Id.* at 11.

Plaintiff further states that in the aftermath of the rape, her mental health declined, and she engaged in self-harm. *Id.* at 11. She also states that, though she was enrolled in summer school, she was terrified to attend as Bullard was there and she often skipped school out of fear that he would rape her again. *Id.* In mid-June, Plaintiff told her sister about the rape and her sister reported it to Defendant Amy Cabaniss ("Cabaniss"), the school principal. *Id.* Cabaniss called Plaintiff to come to campus and make a report, which Plaintiff did. *Id.* at 11-12. Plaintiff asserts that Cabaniss did not provide her with any information about the school's Title IX policy, reporting procedures, supportive measures, or her right to report the incident to the U.S. Department of Education or Department of Justice. *Id.* at 12. Cabaniss only told Plaintiff that she would make a police report and there would be an investigation. *Id.*

Prior to coming to the school to report the rape, Plaintiff took a handful of pills. *Id.* at 11. After Plaintiff reported the rape, she began to feel dizzy and disclosed that she took the pills before coming in. *Id.* at 12. The school nurse drove her to Atmore Community Hospital. *Id.* The same day, other students began bullying her online. *Id.* Plaintiff asserts that the only people who knew what happened were teachers and administrators at the school, Plaintiff's best friend, and Plaintiff's sister. *Id.* Plaintiff does not believe her sister or friend would have told anyone. *Id.* Plaintiff experienced trouble sleeping and concentrating, flashbacks to the rape, and panic attacks. *Id.* She required inpatient psychiatric treatment. *Id.*

Plaintiff states that no one from the school updated her about what was happening as a result of her reporting the rape. *Id.* at 13. Ultimately, the Escambia County Sheriff's Office issued arrest warrants for Bullard for rape in the first degree and sexual contact with a student under the age of nineteen. *Id.* The day Bullard was supposed to surrender himself to the Sheriff's office, he died in a car crash. *Id.*

Following Bullard's death, the bullying continued. *Id.* at 14. Plaintiff alleges that Howard also began harassing her. *Id.* Before the fall semester began, Plaintiff approached Cabaniss about the bullying. *Id.* at 15. She requested to attend school virtually, noting that she did not wish to go back to the site of her rape. *Id.* Cabaniss denied the request and told her she either had to come in person or attend another high school, also in person. *Id.* Cabaniss suggested Plaintiff be placed in classes with students she would be comfortable with and took the names of such students from Plaintiff. *Id.* However, when school started, Plaintiff states she did not have supportive students in a majority of her classes. *Id.* Plaintiff was placed in classes that required her to go down the hallway near her rape site, and she would often skip classes requiring that route and cry in the bathroom. *Id.* The harassment and bullying continued from students, while teachers and administrators also gossiped about Plaintiff. *Id.* at 16. Plaintiff reported the bullying and harassment to Cabaniss, but it continued. *Id.* After her therapist met with Cabaniss, Plaintiff was finally permitted to attend school virtually. *Id.* at 16-17. Despite counseling, Plaintiff still struggles with emotional distress, rumination, embarrassment, humiliation, and trauma, which she states is exacerbated by the repeated harassment from her classmates and teachers. *Id.* at 18.

**B.      Procedural Background**

On May 24, 2024, Plaintiff filed her original complaint with this Court. Doc. 1. The Escambia County Board of Education ("BOE") filed an answer on June 24, 2024. *See* Doc. 8. Howard filed her answer on June 20, 2024. *See* Doc. 6. On July 3, 2024, Cabaniss filed her motion to dismiss the original complaint. *See* Doc. 11. Then, on July 16, 2024, Howard filed a motion for judgment on the pleadings. Doc. 16. On November 5, 2024, the Court ordered Plaintiff to file an amended complaint. Doc. 25. Plaintiff filed her amended complaint on November 18, 2024, which became the operative complaint. Doc. 26.

As to Cabaniss, Plaintiff's amended complaint asserts claims for denial of equal protection under 42 U.S.C. § 1983 and the Fourteenth Amendment (Count VIII). This is the only count asserted against Cabaniss.

Both BOE and Howard filed answers to Plaintiff's amended complaint. Docs. 27, 28. Howard filed another motion for judgment on the pleadings. Doc. 30. Cabaniss filed the instant motion to dismiss. Doc. 29. Plaintiff filed her response to Cabaniss' motion to dismiss, and Cabaniss filed her reply. Docs. 31, 34. The motion is fully briefed and ripe for review, and the Court finds oral argument unnecessary.

### III. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556."). Because a Fed. R. Civ. P. 12 (b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, (citing *Twombly*, 550 U.S. at 555,) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."). Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff. *See, e.g.*, *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence*, 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P. 12(b)(6) purposes.").

## IV. DISCUSSION AND ANALYSIS

Cabaniss argues that the claim asserted against her (Count VIII) is due to be dismissed because it contains insufficient factual allegations and fails to state a claim for relief. Specifically, Cabaniss argues that, other than Howard who Plaintiff admits was fired the day after the rape, Plaintiff fails to allege the identity of any students that harassed her, the dates upon which the harassment took place, the dates that the reports of harassment were made to Cabaniss, the number of times the harassment took place and the specifics of any alleged harassment that was allegedly reported to Cabaniss. Doc. 29 at 10. Cabaniss also argues there is no allegation that the harassing remarks took place when such individuals would be in a position to be disciplined by Cabaniss, nor is there a sufficient description of what the alleged harassment was. *Id.*

Further, Cabaniss argues that Plaintiff fails to state a viable equal protection claim against Cabaniss because the allegations against Cabaniss do not rise to the level of deliberate indifference. *Id.* at 12. Rather, Cabaniss counters that the matter was timely reported to law enforcement and an investigation was undertaken and arrest warrants were issued against Bullard, Plaintiff was permitted to finish most of her coursework at home over the summer, Cabaniss offered Plaintiff the option of attending another high school before the school year started, and about one month after the school year began Cabaniss allowed Plaintiff to attend school virtually. *Id.* at 13.

Plaintiff counters that she has plausibly alleged that students and teachers harassed her following the rape, that Cabaniss knew of the harassment and was deliberately indifferent to it, that Cabaniss knew the harassment posed a great risk to Plaintiff's health and safety but disregarded that risk, that Cabaniss' response to the harassment was unreasonable, and that in "doing nothing," Cabaniss deprived Plaintiff of the opportunity to continue attending school. *See* Doc. 31.

"To establish that a defendant is liable under Title VI or the Equal Protection Clause, a plaintiff must prove discriminatory intent." *Adams v. Demopolis City Sch.*, 80 F.4th 1259, 1273 (11th Cir. 2023). "[A] school district engages in intentional discrimination . . . when it is deliberately indifferent to known acts of student-on-student . . . harassment." *Id.*; *see also Hill v. Cundiff*, 797 F.3d 948, 978 (11th Cir. 2015) ("A government official . . . may be held liable under section 1983 upon a showing of deliberate indifference to known sexual harassment."). The Eleventh Circuit has found deliberate indifference where a principal "effectively did nothing" in response to sexual harassment. *Doe v. Sch. Bd. of Broward Cty., Fla.*, 604 F.3d 1248, 1261 (11th Cir. 2010).

Here, Plaintiff alleges that the bullying and harassment of Plaintiff related to the rape continued, and despite notifying Cabaniss of the continuous harassment, Cabaniss did nothing to

stop it. While Cabaniss may have offered to put Plaintiff in classes with supportive students or ultimately allowed Plaintiff to attend school virtually, the harassment continued, and Plaintiff asserts that Cabaniss took no action to address the harassment with the harassing students or teachers. At this early stage, Plaintiff has alleged enough to trip over the bar established by Rule 8 to survive a motion to dismiss. This ruling in no way precludes a review of the issue at the summary judgment stage. In fact, both parties cite to *Adams*, 80 F.4th 1259, which was on summary judgment standard, not a motion to dismiss. That applies a very different standard of review after robust discovery and allows the consideration of evidence. The Court must stick with what has been alleged and will not raise the standard to unreasonable specificity when pleading with particularity is not required here.

Thus, Defendant Cabaniss' motion to dismiss Count III for failure to state a claim is due to be denied.

### V.    CONCLUSION

Accordingly, for the reasons stated above, Defendant Cabaniss' motion to dismiss (Doc. 29) is **DENIED**.

**DONE** and **ORDERED** this 21st day of August, 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE